IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ROBERT L. QUINN                                                         PLAINTIFF


        V.                          CIVIL NO. 3:14-cv-03008-MEF


CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                          DEFENDANT


                          **MEMORANDUM OPINION**

        Plaintiff, Robert Quinn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claim for a period of disability and supplemental security income (SSI) under the

provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.  Procedural Background

        Plaintiff protectively filed an application for SSI on May 2, 2011, alleging disability since

April 28, 2011, due to lower back pain, neck pain, left hand pain, recurrent diarrhea, and depression.

(Tr.12, 168) An administrative hearing was held on September 28, 2012, at which Plaintiff appeared

with counsel and testified. (Tr. 31-65)

        By a written decision dated November 21, 2012, the ALJ found Plaintiff had the following

severe impairments: degenerative disc disease of the lumbar spine (post laminectomy/fusion),

obesity, bilateral sensorineural hearing loss (SNHL), depressive disorder, anxiety disorder, and personality disorder.  (Tr. 14) After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 16-17) The ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work except:

> he is limited to occasional bending, stooping and squatting. Additionally, he has a mild to moderate sensorineural hearing loss[,] but can understand conversational speech. The claimant is further limited and can perform jobs that involve simple tasks and simple instructions.

(Tr. 17)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform his past relevant work (PRW), but could perform the requirements of the representative occupations of small product assembler and label/tagger production worker. (Tr. 22-23) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 24)

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on December 4, 2013. (Tr. 1-3) Subsequently, Plaintiff filed this action on January 16, 2014. (Doc. 1)  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 12, 14)

## II.  Applicable Law.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. Discussion

Plaintiff argues the ALJ (1) erred by not including neck pain as a severe impairment and (2) formulated an RFC that was not supported by medical evidence. (Doc. 12, pp. 12-16)

### A. Severe Impairments

At step two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a); *Bowen v. Yuckert*, 482 U.S. 137 (1987)(O'Connor, J., concurring). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). It is the claimant's burden to establish that an impairment or combination of impairments are severe. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and courts have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. *See, e.g., Page v. Astrue*, 484 F.3d at 1043-44; *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 755; *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)

(quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 404.1527.

The record does not establish Plaintiff's neck condition was a severe impairment. Medical notes during the relevant period indicate Plaintiff's neck exams were normal and show good range of motion. (Tr. 357, 366, 530, 545, 554) In spite of this, Plaintiff argues Dr. Ted Honghiran and Dr. Shannon Brownfield's consultative evaluations revealed neck problems amounting to a severe impairment. (Doc 12, p. 13)

Dr. Honghiran's evaluation in September 2010 noted the "examination of [Plaintiff's] cervical spine shows he has limited range of motion of the lumbar spine pain [*sic*]" and thirty degrees of flexion in the lumbar spine. (Tr. 469)  X-rays showed a normal thoracic spine, but "some narrowing of the disc space on the lower lumbar spine from a previous disc excision and spinal fusion." (Tr. 469) Dr. Honghiran's impression was Plaintiff had "a history of having three discs removed in his lower back and also spinal fusion and still has chronic pain. He also has pain in his neck as well from a herniated disc ... I do not think he will be able to return to his construction job any longer." (Tr. 469) Dr. Brownfield examined Plaintiff in July 2011 and noted Plaintiff's neck was normal, but his cervical spine extension and rotation were limited due to pain. (Tr. 343) Dr. Brownfield diagnosed Plaintiff with low back and neck pain, and opined Plaintiff was restricted from prolonged stooping, lifting, or carrying. (Tr. 345)

The ALJ's decision not to list neck pain as a severe impairment at step two was appropriate. Dr. Brownfield and Dr. Honghiran's evaluations do not support Plaintiff's claim that he has a disabling neck condition. The ALJ's discussion of Plaintiff's spine and neck condition was sufficient to show he accounted for all impairments. His conclusions are supported by Dr. Brownfield and Dr. Honghiran's evaluations, which did not suggest Plaintiff's neck pain would cause functional limitations, and by Plaintiff's treatment notes during the relevant period, which showed normal neck exams. *See e.g, Turpin v. Colvin*, 750 F.3d 989, 994 (8th Cir. 2014); *see also Trenary v. Bowen*, 898 F.2d 1361, 1364-1365 (8th Cir. 1990) (stating an ALJ inquires into the functional limitations caused by an impairment because a diagnosis by itself does not equate to disability).

There is no basis for remand at step two since the ALJ continued the five-step evaluation, and considered all of Plaintiff's impairments in the RFC assessment. *See e.g., Lund v. Colvin*, no. 13-113 2014 WL 1153508 at *26-27 (D. Minn. Mar. 21, 2014); *Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *but cf. Crider v. Barnhart*, 427 F. Supp. 2d 999, 1010 (D. Colo. 2006); *Newton v. Astrue*, no. 06-1542 2008 WL 915923 (N.D. Ga. April 1, 2008)(explaining there is no bright line rule that all errors at step two are harmless and finding the ALJ's error in omitting impairment at step two required remand because it might have impacted the RFC determination). Beyond addressing Plaintiff's neck pain and the consultative evaluations in the written decision, the ALJ included Plaintiff's spine condition as a severe impairment and formulated RFC accommodations that excluded more than light lifting and more than occasional bending, stooping, or squatting. (Tr. 17)

Accordingly, the undersigned finds no basis for remand at step two.

**B.  RFC**

Plaintiff believes the ALJ's RFC determination does not reflect Dr. Honghiran and Dr. Brownfield's opinions. (Doc. 12, pp. 15-16)

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's determination concerning a claimant's RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is required to specifically set forth a claimant's limitations and to determine how those limitations affect his RFC. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

The only evidence in the record to belie the ALJ's RFC determination is Plaintiff's testimony and self-reported limitations, which the ALJ appropriately discounted due to Plaintiff's unreliable statements, conservative treatment, and failure to follow physician recommendations. (Tr. 19-22) The ALJ's credibility findings were adequately supported and entitled to deference. *See e.g., Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000)(citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984)). Although, Dr. Brownfield's opinion that Plaintiff had severe limits on "prolonged position/stoop/lift/carry" does not exactly match the ALJ's RFC determination, the ALJ was correct it is "somewhat consistent."  There is substantial medical evidence to support the ALJ's decision to give significant weight to Dr. Brownfield's opinion that Plaintiff had postural, lifting, and carrying

limitations, but based on the record of as a whole conclude Plaintiff could perform light work with occasional bending, stooping, or squatting.

Plaintiff's treatment notes during the relevant time period show he had normal exams except for his ear condition, dental pain, and an eye injury from a fishing accident in March 2012. (Tr. 357, 366, 391-392, 529-530, 552-553) The only treatment during the period Plaintiff sought for back pain was in January 2012 when he was treated for moderate back pain after a fall. (Tr. 543-544) Dr. Honghiran's evaluation excluded only heavy work, and the ALJ took into account Dr. Brownfield's opinion that Plaintiff had postural, lift, and carry limitations. (Tr. 19-20 345, 469) State consulting physicians, Dr. Valaria Malak and Dr. Robert Redd, opined Plaintiff could perform light work with stooping and crouching restrictions. (Tr. 384-390, 422)

Dr. Terry Efird, a consulting psychologist evaluated Plaintiff and noted Plaintiff's self-reported ability to perform basic self-care tasks, shop independently, and perform his daily activities unless his back was out. (Tr. 394-395) Dr. Efird opined Plaintiff could communicate adequately, had no remarkable problems with concentration or attention, and could persist on and complete tasks within an adequate time frame. (Tr. 393-397) The non-examining consulting psychiatrists, Dr. Jon Etienne Mourot and Dr. Cheryl Woodson-Johnson, opined Plaintiff could perform semi-skilled work. (Tr. 416, 423)

Accordingly, the undersigned finds the ALJ's RFC determination is based on substantial evidence.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 17th day of July, 2015.

/s/   *Mark E. Ford*

HONORABLE MARK E. FORD

UNITED STATES MAGISTRATE JUDGE